FRANK RIDLON, PLAINTIFF AND APPELLANT, v. MARK FLANIGAN AND OTHERS, DEFENDANTS.

*Attachment — when sheriff entitled to poundage — Compensation of sheriff under 3 R. S. (5th ed.), 925, 926 — when he is entitled to it.*

When a sheriff attaches a debt due to the defendant, and subsequently, and before a summons has been served, the action is settled, the sheriff is not entitled to poundage upon the amount of the debt.

The compensation which the officer issuing the attachment is authorized to award to the sheriff, under 3 Revised Statutes ([5th ed.], 925, 926), for his trouble and expense in taking possession of and preserving the property, only applies to cases in which the sheriff has actually taken possession of and preserved the property attached.

APPEAL by the plaintiffs in this and two other actions, from orders allowing poundage to the sheriff for levying and serving attachments issued against the defendants.

*H. G. Batcheller*, for the appellants.

*A. J. Vanderpoel*, for the sheriff of New York, respondent.

DANIELS, J.:

The property attached was a debt, equal to the several amounts due to the plaintiffs in the actions in which the attachments were issued. After the attachments were levied and before the summons was served the actions were settled. And by the orders appealed from the sheriff was allowed poundage on the amounts stated to be owing to the several plaintiffs. The debt attached was neither collected nor sold, and consequently the sheriff was not entitled to poundage under section 243 of the Code, as that has been construed by the recent decision of the Court of Appeals in the case of the *German Am. Bank* v. *Morris Run Coal Co.* According to that decision a mere settlement of the action after an attachment has been issued and levied, does not entitle the sheriff to charge poundage. But his compensation must be limited to the statutory fees, and that which may be fixed by the officer issuing the attachment for his trouble and expense in taking possession of and preserving the property. (3 R. S. [5th ed.], 925, 926; Code, § 243.)

In the orders from which the appeals have been taken it has been stated that the poundage, which seems to have been allowed because of the settlement of the action, was also fixed as a proper compensation for the trouble and expenses of the sheriff in the premises. But as the affidavits used show that the sheriff in no way took possession of the debt attached, he was subjected to no trouble or expense which it was the object of this provision to provide for compensating. The right to the compensation which may be certified by the officer, has been made to depend upon the fact that the sheriff shall have taken possession of and preserved the property attached. It is only for his trouble and expense in doing so that the law has provided a compensation to be fixed by the officer issuing the attachment. (Code, § 243.) Where no possession has in fact been taken, no right to such compensation can arise.

The orders, therefore, must be modified by excluding the several amounts allowed for poundage. And, as modified, they should be affirmed, but without costs, for the decision referred to, precluding the right of poundage on the ground of settlement, was not made at the time of the decision directing the orders.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., DANIELS and BRADY, JJ.

Order modified as directed in opinion, and affirmed as modified, without costs.